## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Paul E. Sigler, Jr.,**
**Petitioner Below, Petitioner**

**FILED**

**June 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-0548** (Jefferson County 04-C-446)

**David Ballard, Warden,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Paul E. Sigler Jr., by counsel B. Craig Manford, appeals the Circuit Court of Jefferson County's April 29, 2015, order denying his petition for writ of habeas corpus. Respondent David Ballard, Warden, by counsel Brandon C.H. Sims, filed a response.[1] On appeal, petitioner argues that the circuit court failed to address all of his grounds for relief and abused its discretion when it failed to grant his petition for habeas corpus.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 1995, petitioner was convicted, by a jury, of four counts of second-degree sexual assault. In June of 1995, petitioner was sentenced to four consecutive sentences of not less than ten years nor more than twenty-five years of incarceration. At trial, petitioner was represented by Steven M. Askin, whose law license was annulled on July 15, 1998. Post-trial, petitioner, represented by John Boothroyd, filed a petition for an appeal to this Court, which was refused by order in October of 1996.

In August of 1997, petitioner, by counsel Vito Mussomeli of the Public Defender Corporation, filed a petition for writ of habeas corpus in the circuit court. The circuit court denied the petition by order dated June 8, 1998, but gave petitioner leave to amend. In December of 1997, petitioner appealed the denial to this Court and that appeal was refused by order in February of 1999.

---

[1]Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, we have substituted the initial respondent on appeal, James Rubenstein, Commissioner of Corrections, with David Ballard, Warden of Mt. Olive Correction Center, because petitioner is currently incarcerated at Mt. Olive Correction Center.

1

In December of 2004, petitioner filed another habeas petition wherein he alleged that his trial and appellate counsel were ineffective, that there was newly discovered evidence in his case, that there were changes in the law which may be applied retroactively, and he was entitled to relief under the mandates of *In re: Renewed Investigation of the State Police Crime Laboratory, Serology Division*, 219 W.Va. 408, 633 S.E.2d 762 (2006). Petitioner's former counsel, Mr. Mussomeli, testified regarding his representation of petitioner. Mr. Mussomeli also testified that, in his opinion, Mr. Askin provided petitioner with effective and sufficient counsel during his criminal trial. Mr. Mussomeli also testified that the circuit court did not hold an omnibus evidentiary hearing on the prior habeas petition because it determined that most of the issues [Mr. Mussomeli] brought up in the petition were issues of law which were decided upon the briefs submitted to the circuit court. The circuit court dismissed the petition without prejudice by order dated May 21, 2007.

In June of 2008, petitioner filed a third petition for writ of habeas corpus, raising essentially the same ineffective assistance grounds raised in his 2004 petition. According to the circuit court's December of 2008 order, petitioner never received "fully concluded omnibus proceedings relative to his convictions," and the circuit court determined that the habeas proceeding should proceed as the first omnibus habeas case but that the legal issues that were fully litigated in his prior habeas proceeding should be considered res judicata.

In April of 2010, the circuit court held an omnibus evidentiary hearing wherein petitioner again alleged that he received ineffective assistance of trial counsel. Petitioner presented evidence regarding the performance of his trial counsel, Mr. Askin, and contended that Mr. Askin was impaired by a substance abuse addiction which led to him providing petitioner with ineffective counsel. Evidence further established that petitioner was originally charged with six counts of sexual assault and, following the conclusion of the State's case-in-chief, Mr. Askin successfully moved to dismiss two of those six counts. At the close of the evidence, the circuit court found that petitioner failed to satisfy his burden of proof concerning his ineffective assistance of counsel claim established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). The circuit court determined that petitioner's petition was insufficient to merit the relief requested and denied the same by order dated April 29, 2015. It is from this order that petitioner now appeals.

We review the denial of a petition for a writ of habeas corpus under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). Additionally, we have held that "[o]n an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions

being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

On appeal to this Court, petitioner argues that the circuit court failed to address all of his assignments of error and erred in denying his petition for habeas corpus. Petitioner contends that the circuit court failed to rule upon the following evidence: (1) the testimony of a forensic psychologist regarding the overall chronic effect of cocaine addiction and abuse on attorney performance; (2) the testimony regarding money paid for investigators and experts never retained; (3) the evidence of misconduct and misappropriation of client trust funds; (4) the failure of trial counsel to obtain expert witnesses; (5) the testimony of a nurse practitioner regarding the inconsistencies in the victim's statement; and (6) the testimony of prior habeas counsel that he was a business associate of trial counsel at the time of the previous habeas filing and he failed to claim any of the "obvious" deficiencies in petitioner's representation. Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court.

Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's April 29, 2015, "Order Denying Writ Of Habeas Corpus" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 6, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

# 15-0548

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

PAUL E. SIGLER, JR.,
Petitioner,

v.

Civil Action Number 08-C-265
The Honorable David H. Sanders



JAMES RUBENSTEIN,
Commissioner of Corrections
State of West Virginia,
Respondent.

## ORDER DENYING WRIT OF HABEAS CORPUS

This matter comes before the Court upon the papers and proceedings formerly had herein; upon the original and revised Petition for a Writ of Habeas Corpus of Paul E. Sigler, Jr.; upon the prior the prior evidentiary hearings had herein on the August 14 and 15, 2005; December 11, 2008 and April 21, 2009; and upon the responsive and rebuttal pleadings previously filed with the Court. Having reviewed the pleadings filed by the parties, considered the evidence presented at hearing and reviewed the applicable law, the Court does hereby make the following:

## FINDINGS OF FACT

1. The Petitioner was indicted in 94-F-26 for six counts of sexual assault in the second degree in violation of West Virginia Code § 61-8B-4(a)(1).

2. At trial, the Petitioner, who was represented by Steven M. Askin, asserted a defense of consensual sexual intercourse. Mr. Askin was later convicted in the United States District Court for the Northern District of West Virginia of criminal contempt, before which time he surrendered his license to practice law, and claimed to have been addicted to cocaine at the time of his criminal contempt.

1

3.  Petitioner was convicted on March 27, 1995 of four counts of second degree sexual assault, following a four-day jury trial. On June 6, 1995, this court sentenced the Petitioner to four consecutive sentences of not less than ten nor more than twenty-five years in the penitentiary, or an aggregate sentence of not less than forty nor more than one hundred years.

4.  On July 26, 1996, John H. Boothroyd, Esq., filed an appeal with the Supreme Court of Appeals of West Virginia, which petition was refused on October 18, 1996. Insufficiency of the evidence was not one of the ten issues presented therein.

5.  On August 29, 1997, a Petition for a Writ of Habeas Corpus was filed by Vito Mussomeli, Esq., which Petition was amended on December 19, 1997. Judge Christopher C. Wilkes denied the Petition for a Writ of Habeas Corpus on June 8, 1998, but gave counsel leave to refile.

6.  On December 8, 1998, Paul E. Lane, Esq., filed an appeal to the Supreme of Appeals of West Virginia regarding this denial of habeas corpus by Judge Wilkes. The Supreme Court refused the appeal.

7.  The underlying facts of the Petitioner's case were that he was present at the Iron Rail Inn in Charles Town on February 26, 1994, where he met and danced with ███████ Later that evening ███████ drove the Petitioner home to a remote location in Jefferson County where he refused to exit her vehicle then sexually assaulted her orally, vaginally and anally while biting her and threatening to kill her. After the Petitioner left ███████ vehicle she became disoriented on the unfamiliar, snowy roads while trying to find Jefferson Memorial Hospital, instead ending up in an Inwood convenience store seeking directions to the hospital.

8.  Prior to trial ███████ had either never been asked about or never previously revealed that she got lost on her way to the hospital after the Petitioner assaulted her. The trial

2

court gave the Petitioner's counsel a 24-hour recess to attempt to locate and questions the clerk who gave ██████, directions to Jefferson Memorial Hospital.

9.    Petitioner testified that during the 24-hour recess his attorney, or a private investigator hired by his attorney, located a clerk who might have spoken to the victim on the night of the assault, but that his counsel was unable to subpoena the witness. 4/21/10 Transcript 111:5 – 13.

10.    Following, ██████ report of her sexual assault, Trooper C. Porter of the West Virginia State Police conducted an investigation and determined the full name of ██████ attacker, whom she knew only as "Paul", was Paul Sigler. Trooper Porter Mirandized the Petitioner, obtained biological samples for DNA testimony from him, and interviewed the Petitioner who denied any sexual involvement with ██████

11.    DNA analysis conducted by the West Virginia State Police Laboratory revealed that some of the Respondent's semen was present on the clothing the victim wore the night of the sexual assault.

12.    Although the Petitioner was initially charged with six counts of sexual assault, following the conclusion of the State's case in chief at trial, defense counsel, Mr. Askin, successfully moved to dismiss two of those counts. Thereafter, the jury considered the remaining four counts.

13.    The victim testified that the Petitioner penetrated her orally, vaginally and anally with his penis and also penetrated her anally with his finger. Additionally the victim testified that the Petitioner touched her vagina with his mouth.

14.    The Petitioner testified in his own defense at trial that he and ██████ had participated in consensual sexual activity on the night of February 26, 1994. This testimony was in direct contradiction of the Petitioner's prior statement to Trooper Porter that he and ██

3

did not have sexual relations. Petitioner further claimed that the victim reported her assault after becoming enraged that he ejaculated on her against her wishes. The Petitioner also clarified because he had not had intercourse with the victim, instead engaging in mutual masturbation, that his statement to Trooper Porter that he did not have sex was not contradictory to his trial testimony.

15. The Petitioner's father testified that the home he shared with his son was closer to the joint driveway than any neighbor's house, and on the night of February 26, 1994 he saw headlights in the driveway, but that he did not hear any car horn blowing that night, contradicting the victim's claim that she blew her car horn to try to attract attention during the assault inside her car. Further, the Petitioner's father testified that the family dog did not bark or alert that night as it might have done for a stranger approaching the home.

16. Mr. Askin built upon inconsistencies in the victim's testimony, inadequacies in the police investigation and the lack of physical evidence from the victim's medical examination to cast doubt on the State's case, and in closing Mr. Askin argued those weaknesses constituted reasonable doubt which would preclude the Petitioner's conviction.

17. The defense rested in its case in chief late in the morning of Friday, March 24, 1995. Following a lunch break, counsel delivered closing arguments and around 1:50 p.m. the jury began its deliberations. That afternoon the jury was unable to reach a verdict on the remaining four counts, with the foreperson reporting to the judge by note on March 24, 1995 that they had reached a verdict on one count by were deadlocked as to the other three counts. The court instructed the jury to adjourn for the weekend and return on Monday, March 27, 1995 to see if they could reach a verdict. On Monday, March 27, 1995 the jury reconvened and returned a verdict of guilty on all four counts.

18. In the instant case the Petitioner raises four grounds for relief:

4

a. That his prior omnibus hearing counsel was ineffective;

b. That there is newly discovered evidence in his case that could not have been known through reasonable diligence at the time of his first habeas corpus petition;

c. That there have been changes in the law which may be applied retroactively; and

d. That he is entitled to relief under the mandates of In re: Renewed Investigation of the State Police Crime Laboratory, Serology Division, 219 W.Va. 408, 633 S.E.2d 762 (2006).

19. The Petitioner claims that his prior counsel, Mr. Mussomeli was ineffective by failing to: file a Losh list; have the Petitioner verify his prior habeas petition; or insist the circuit court hold an evidentiary hearing on that prior habeas petition.

20. In the instant case Mr. Mussomeli testified it was his custom to review the Losh list with clients prior to filing a petition for habeas corpus, and that although he could not recall preparing Mr. Sigler's Losh list, he might have prepared it eight years previously and not recalled doing so.

21. Petitioner also alleges that:

a. His Fourteenth Amendment rights were violated when he was denied effective assistance of trial and appellate counsel;

b. His Fourteenth Amendment rights were violated when he was denied effective assistance of trial counsel because of trial counsel's alleged substance abuse addiction;

5

c. His Fourteenth Amendment rights were violated when he was denied effective assistance of appellate counsel when that attorney failed to raise all issues preserved by trial counsel; and

d. He was denied effective assistance of counsel when prior habeas counsel "failed to review" the Losh list with Petitioner, and when that counsel "waived" Petitioner's request for an evidentiary hearing.

22. Petitioner attempts through this second or subsequent habeas corpus petition to challenge the assistance of his trial counsel, not his prior habeas counsel, including that:

a. There was extensive pre-trial publicity which contributed to the jury's verdict;

b. The Petitioner was without counsel at the initial preliminary hearing, which led to an informal show-up identification by the victim with the assistance of the investigating officer;

c. The petitioner received consecutive sentences for the same transaction or occurrence.

d. At sentencing trial counsel was denied the ability to examine the probation officer who prepared the Pre-Sentence Investigation report as to errors contained therein;

e. The Defendant was twice convicted for the same offense against the constitutional prohibition against double jeopardy;

f. There were irregularities in the Petitioner's arrest in violation of the prompt presentment rule;

g. The indictment was defective and failed to give him notice of the exact crimes charged;

6

h. The Petitioner was unjustly denied a continuance of his sentencing hearing;

i. The Petitioner was not provided the grand jury transcript;

j. The Petitioner was denied confrontation of his accusers when Dr. Morris Harper's report/notes were admitted at trial;

k. There was insufficient evidence to support the Petitioner's conviction;

l. The Petitioner's right to demand and be present at an evidentiary hearing upon his first habeas petition was waived by his counsel; and

m. The Petitioner's sentence of not less than 40 nor more than 100 years in the penitentiary was excessive.

23. Although Petitioner alleges his trial counsel was impaired by a substance abuse addiction which led to the provision of ineffective assistance of trial counsel, he also alleges that his appellate attorney was ineffective by failing to raise every objection preserved by the trial counsel he claims was ineffective.

24. Prior habeas corpus counsel Vito Mussomeli testified at a hearing on August 14, 2006 regarding his representation of the Petitioner. However, Mr. Mussomeli testified that his testimony was based upon a review of the court filings and his own recollection of the case because in the intervening eight years the public defender officer either misplaced or destroyed the file, including Mr. Mussomeli's notes and work product. 8/14/06 Transcript 7:5 – 9.

25. Mr. Mussomeli testified that Judge Wilkes did not hold an evidentiary hearing on the habeas corpus petition explaining that "most of the issues I brought up in the petition were issues of law" which could be decided upon briefs, without a hearing. 8/14/06 Transcript 11:7 – 13.

Based upon the filings of the parties and a review of the pertinent law, the Court does make the following:

7

## CONCLUSIONS OF LAW

1. "Our postconviction habeas corpus statute... clearly contemplates that a person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one postconviction habeas corpus proceedings. *Syllabus Point 1*, Markley v. Coleman, 215 W.Va. 729, 601 S.E.2d 49 (2004), *quoting Syllabus Point 1*, in part, Gibson v. Dale, 173 W.Va. 681, 319 S.E.2d 806 (1984).

2. "A prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively." *Syllabus Point 4*, Losh v. McKenzie , 166 W.Va. 762, 277 S.E.2d 606 (1981). *Syllabus Point 2*, Markley v. Coleman, 215 W.Va. 729, 601 S.E.2d 49 (2004).

3. "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Syllabus Point 5*, State v. Miller, 194 W.Va. 3, 459 S.E.2d 114 (1995).

4. "In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the

8

circumstances, as defense counsel acted in the case at issue." *Syllabus Point 6*, State v. Miller, 194 W.Va. 3, 459 S.E.2d 114 (1995).

5. "To warrant a change of venue in a criminal case, there must be a showing of good cause therefor, the burden of which rests upon the defendant, the only person who, in any such case, is entitled to a change of venue. The good cause aforesaid must exist at the time application for a change of venue is made. Whether, on the showing made, a change of venue will be ordered, rests in the sound discretion of the trial court; and its ruling thereon will not be disturbed, unless it clearly appears that the discretion aforesaid has been abused." *Syllabus Point 1*, State v. Lassiter, 177 W.Va. 499, 354 S.E.2d 595 (1987). *Syllabus Point 2*, State v. Wooldridge, 129 W.Va. 448, 40 S.E.2d 899 (1946).

6. " 'Good cause shown' for change of venue, as the phrase is used in *W.Va. Constitution*, Article III, Section 14 and *W.Va. Code* 62–3–13, means proof that a defendant cannot get a fair trial in the county where the offense occurred because of the existence of a locally extensive present hostile sentiment against him." Syl. pt. 1, *State v. Pratt*, 161 W.Va. 530, 244 S.E.2d 227 (1978). *Syllabus Point 2*, State v. Lassiter, *supra*.

7. "In the absence of any substantial countervailing factors, where a new rule of criminal law is made of a nonconstitutional nature, it will be applied retroactively only to those cases in litigation or on appeal where the same legal point has been preserved." State v. Gangwer, 168 W.Va. 190, 283 S.E.2d 839 (1981).

8. "[T]he United States Supreme Court has unequivocally held that *Crawford [v. Washington]* was a 'new rule' and therefor was not retroactive." State v. Kennedy, 229 W.Va. 756, 773, 735 S.E.2d 905, 922 (2012)(*citing* Whorton v. Bockting, 549 U.S.406, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007).

9. "*State v. Mechling*, 219 W.Va. 366, 633 S.E.2d 311 (2006) stated a new rule of criminal procedure that is non-retroactive and is to be given prospective application only." *Syllabus Point 11*, State v. Kennedy, 229 W.Va. 756, 735 S.E.2d 905 (2012).

10. "Retroactive application of *Crawford* would be an unfathomable burden on the state with only a miniscule and theoretical enhancement of the accuracy of any of the countless verdicts it would overturn." State v. Kennedy, 229 W.Va. at 776, 735 S.E.2d at 925.

11. "W.Va. Code, 61-8B-1(7), defining sexual intercourse, when read in conjunction with W.Va. Code, 61-8B-3, defining sexual assault in the first degree, indicates that an act of forcible oral intercourse and an act of forcible anal intercourse are separate and distinct offenses." *Syllabus Point 1*, State v. Carter, 168 W.Va. 90, 282 S.E.2d. 277 (1981)

12. "Where a defendant commits separate acts of our statutorily defined term 'sexual intercourse' in different ways, each act may be prosecuted and punished as a separate offense." *Syllabus Point 2*, State v. Carter, *supra*.

13. "An indictment for a statutory offense is sufficient if, in charging the offense, it substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based." *Syllabus Point 3*, State v. David D. W., 214 W.Va. 167, 588 S.E.2d 156 (2003)(*Quoting Syllabus Point 3*, State v. Hall, 172 W.Va. 138, 304 S.E.2d 43 (1983).

14. The failure to preserve error constitutes a waiver of that alleged error. "When there has been a knowing and intentional relinquishment or abandonment of a known right, there is no error and the inquiry as to the effect of a deviation from the rule of law need not be determined." *Syllabus Point 8*, in part, State v. Miller, 194 W.Va. 3, 459 S.E.2d 114 (1995). *Accord Syllabus Point 4*, in part, State v. Lightner, 205 W.Va. 657, 520 S.E.2d 654 (1999). "Generally the failure to object constitutes a waiver of the right to raise the matter on

10

appeal." State v. Asbury, 187 W.Va. 87, 91, 415 S.E.2d 891, 895 (1992) (per curiam); Manor Care, Inc. v. Douglas, 234 W.Va. 57, 763 S.E.2d 73 (2014)(emphasis added).

15. Rule 9 of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia provides that, "if the petition is not dismissed at a previous stage in the proceeding, the circuit court, after the answer is filed, shall, upon a review of the record, if any, *determine whether an evidentiary hearing is required*. If the court determines that an evidentiary hearing is not required, the court shall include in its final order specific findings of fact and conclusions of law as to why an evidentiary hearing was not required."

16. West Virginia Code § 53-4A-7(a) provides in part that:

> If the petition, affidavits, exhibits, records and other documentary evidence attached thereto. . . show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall enter an order denying the relief sought. If it appears to the court from said petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or any such record or records referred to above, that there is probable cause to believe that the petitioner may be entitled to some relief and that the contention or contentions and grounds (in fact or law) advanced have not been previously and finally adjudicated or waived, the court shall promptly hold a hearing and/or take evidence on the contention or contentions and grounds (in fact or law) advanced, and the court shall pass upon all issues of fact without a jury.

Only if the petition and other pleadings show there is probable cause to believe the petitioner is entitled to relief shall the court hold an evidentiary hearing; there is *no requirement* that such a hearing be held.

17. "A trial court's discretion when imposing a sentence is broad, and as long as that sentence is within statutory limits and is not based on some impermissible factor, it is not

11

subject to appellate review." State v. Koon, 190, W.Va. 632, 638, 440 S.E.2d 442, 448 (1993)(citing Syllabus Point 4, State v. Goodnight, 169 W.Va. 366, 287 S.E.2d 504 (1982)).

ACCORDINGLY, based upon the findings of fact and conclusions of law cited herein, it appears to the Court that Mr. Sigler's petition for a writ of habeas corpus is insufficient to merit issuance of the writ requested.

Mr. Mussomeli testified that the preparation of the habeas was eight years prior to his testimony, and that it was possible he prepared a Losh list, but that he did "not remember whether I did it or not." 8/14/06 Transcript: 24:8 – 9. Mr. Mussomeli also testified that he would not have raised issues "just because a Defendant wanted it done. I would have only done it if I thought that it was true legal argument." 8/14/06 Tr. 29: 3 – 5. The public defender's lost file clouded the proceedings, however, the fact that Mr. Mussomeli added arguments to his Amended Petition suggests that he and the Petitioner discussed other avenues to pursue for relief, which is consistent with Mr. Mussomeli's testimony that his normal practice was to prepare a Losh list, sit down with his client and go through the petition and all the issues which would be raised. 8/14/06 Transcript 10:11 – 16.

Although the Petitioner proper raises the ground of ineffective assistance of counsel during a prior habeas proceeding, he does not meet his burden of either of the two prongs established in Strickland v. Washington, that: (1) his prior habeas counsel's performance was deficient under an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Even if Mr. Mussomeli was deficient in his representation, there is very little likelihood that but for the failure to file a Losh list that the result would have been different. Mr. Lane appealed to the West Virginia Supreme Court of Appeals the denial of

12

habeas corpus pursued by Mr. Mussomeli, and the Court refused to consider the case. Such a refusal, while not considering the case on the merits, likewise, found no ground which demanded a review of the case.

Further, Petitioner's argument that he received ineffective assistance of habeas counsel because of a perceived "waiver" of his right to an evidentiary hearing is completely without merit. Rule 9 of the Rules Governing Post Conviction Habeas Corpus Proceedings and West Virginia Code § 53-4A-7(a) both clearly set forth that whether to hold an evidentiary hearing in such cases is within the discretion of the court. Regardless of the Petitioner's desire to have such a hearing, and be present for such a hearing, ultimately, the presiding court has the discretion whether to conduct such an evidentiary hearing. Judge Wilkes elected not to do so, and the Supreme Court chose not to review his decision.

Mr. Mussomeli testified that he refused to assert any claim which he felt to be frivolous or unsupported by authority. In Mr. Mussomeli's opinion the representation that Mr. Askin provided was sufficient. In fact, one of the arguments asserted by the Petitioner is that appellate counsel was ineffective by failing to argue every issue preserved by Mr. Askin's objection at trial. Such an argument would appear to suggest that Mr. Askin's representation was thorough, rather than insufficient. Further, the allegation that Mr. Askin was ineffective by failing to file a motion to reconsider the sentence does not meet the requirements of Strickland. The Court sentenced the Petitioner to a period of confinement which was strictly within the statutory limit, and not based upon an impermissible factor. Accordingly, the sentence was not subject to appellate review.

Mr. Askin's request to continue the sentencing hearing made at the hearing was based upon a letter written by the Petitioner's family which claimed that abuse the Petitioner himself suffered as a child should be considered by the sentencing court. That letter was not provided

13

to Mr. Askin until 10 days prior to the sentencing. At the time of the sexual assault of █████ ████ the Petitioner was 26 years old. During the assault, the Petitioner penetrated the victim repeatedly in multiple orifices, and threatened to kill her. These factors were permissible for the court to consider, however, the Petitioner's family's delayed reporting to Mr. Askin, and the age and violent behavior of the Petitioner during the assault were properly considered by the court in sentencing, and thus not subject to appellate review. More importantly, Petitioner's claims herein do not meet the second prong of the standard established in Strickland. There is no evidence to suggest that the result would have been different if Mr. Mussomeli had alleged that Mr. Askin's representation at sentencing was ineffective.

Petitioner is likewise not entitled to relief in regard to the "newly discovered evidence" of Mr. Askin's representation of the Petitioner. Mr. Sigler argues that the decision issued in Lawyer Disciplinary Board v. Askin just prior to the dimissal of his prior habeas corpus petition showed a pattern of ineffective assistance. The opinion may also be viewed as a blueprint for Mr. Sigler to base any claims upon. Of the three prior attorneys who appealed the underlying criminal conviction, filed the habeas corpus petition and appealed the habeas corpus petition, none was able to cite to legitimate grounds for ineffective assistance of counsel by Mr. Askin. Despite his own personal troubles, the representation he provided to the Petitioner was, in part successful: two of the six charges faced by Mr. Sigler were dismissed upon Mr. Askin's motion. Additionally, the jury did not immediately return a verdict of guilt. Instead, on the first day of deliberations the jury reported to the court that although they had reached a verdict in one of four counts, they were at that time deadlocked on the other three counts. It is a fair conclusion that Mr. Askin was, in part, successful in defending Mr. Sigler at trial, and raised substantial issues of reasonable doubt for the jury to consider.

14

The argument that the Petitioner is entitled to relief based upon some perceived insufficiency in the indictment is also without merit. In this state, an indictment for a statutory offense is sufficient if, in charging the offense, it substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based. Those element were present here, and accordingly, the petitioner's argument is without merit.

Petitioner finally argues that he is entitled to relief based upon the mandates of In re: Renewed Investigation of the State Police Crime Laboratory, Serology Division, *supra*, because his conviction was "based in part upon serology evidence produced by the West Virginia Crime Laboratory." However, it is clear to this court that the defense put forward at the trial of this matter was one of consent. The Petitioner testified in his own defense that he and the victim engaged in consensual sexual activity which ended when he ejaculated on her person. According to the Petitioner that action angered the victim which led her to report their allegedly consensual sexual activity as a sexual assault. Regardless of whether any DNA evidence was used by the State to demonstrate that Mr. Sigler was the depositor of semen, Mr. Sigler himself admitted to being that individual. Accordingly, there is no need for this court to consider the Crime Laboratory procedures.

Because a reasonable attorney could have acted as prior trial and habeas counsel acted in this matter, under an objective standard of reasonableness, both prior habeas counsel and trial counsel appear to have acted proficiently. ACCORDINGLY, this Court does find that the petition, affidavits, and other pleadings, do show to the satisfaction of the Court that the Petitioner is entitled to no relief, and therefore the Court does DENY the Petition for a Writ of Habeas Corpus Ad Subjiciendum.

15

The Clerk shall enter the foregoing as for the date first above written and shall forward attested copies to all counsel of record. The Clerk shall then retire this matter from the docket, placing it among causes ended and report the matter as disposed.

ENTERED: _4/29/15_

THE HONORABLE DAVID H. SANDERS
JUDGE OF THE TWENTY-THIRD JUDICIAL CIRCUIT

Prepared by:

Brandon C. H. Sims
Assistant Jefferson County Prosecutor
West Virginia State Bar Number 7224

A TRUE COPY
ATTEST:

LAURA E. STORM
CLERK, CIRCUIT COURT
JEFFERSON COUNTY, W.VA.

BY _B. Crew_
DEPUTY CLERK

2 cc's:
L. Manford
B. Sims
5.4.15 bc

16